|  | IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
|---|---|

AILEEN BAUMGARDNER, individually and
as Trustee of The Aileen J. Baumgardner Living
Trust dated February 15, 2012,        CASE NO.:

    Plaintiff,

vs.

AMERICAN MODERN PROPERTY
& CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

**COMES NOW** Plaintiff, AILEEN BAUMGARDNER, individually and as Trustee of The Aileen J. Baumgardner Living Trust dated February 15, 2012 (hereinafter "Plaintiff"), and hereby files this Complaint for Breach of Contract against AMERICAN MODERN PROPERTY & CASUALTY INSURANCE COMPANY (hereinafter "Defendant") and alleges:

## GENERAL ALLEGATIONS

1. This is an action that seeks damages in excess of FIFTY THOUSAND U.S. DOLLARS ($50,000.00), exclusive of interest, costs, or attorney's fees and is otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida.

3. At all times material hereto, the damaged property was situated in Lee County, Florida.

4. The Plaintiff sought and purchased homeowners' insurance from Defendant to insure the property located at 3077 Longview Ln., N Fort Myers FL 33917.

5. Said policy of insurance, bearing policy number 101255727 (the "Policy") was issued by Defendant to the Plaintiff. The Plaintiff is not in possession of a complete copy of the Policy; however, the Policy is well known to, and is in the possession of, the Defendant. The Plaintiff has requested a formal copy of the Policy through a Request to Produce attached hereto to the Plaintiff's Complaint.

6. The Plaintiff paid the premiums for the Policy. In exchange for the policy premiums paid by the Plaintiff to the Defendant, the Defendant promised to insure the Plaintiff's Property against risk of direct loss.

7. On or about September 28, 2022, the Property sustained direct and physical damage, which resulted from Hurricane Ian (the "Loss").

8. Hurricane Ian was a large and destructive Category 4 Hurricane that caused widespread damage across Florida.

9. The Plaintiff timely reported the Loss to the Defendant, which was assigned claim number 826956AA (hereinafter the "Claim").

10. The Plaintiff has performed all conditions precedent to filing the suit or, alternatively, all such conditions have been waived by the Defendant.

11. The Plaintiff has complied with Florida Statute 627.70152(3)a-b; and provided notice to the Defendant prior to filing the instant suit.

12. Defendant failed to comply with Florida Statute 627.70152.

13. This is an action relating to Defendant's breach of contract for its failure to properly pay the full amount of insurance proceeds owed to the Plaintiff and erroneously denied or underpaid coverage under the Policy.

14. The Plaintiff has standing to sue and owns the cause of action under this policy.

15. In the event that the Plaintiff prevails in this action, the Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section 627.428, 626.9373 and 57.041, Florida Statutes and/or other Florida Law.

16. Jurisdiction and venue of this matter are proper in the Circuit Court in and for Lee County, Florida.

## COUNT I – BREACH OF CONTRACT

The Plaintiff re-incorporates and re-alleges the allegation contained within Paragraphs One (1) through Sixteen (16) as if fully set forth within.

17. The Policy and the terms therein, contains an implied duty of good faith and fair dealing.

18. The concept of insurance is that insurance is the Defendant's granting of prompt indemnity or security against a contingent Loss.

19. Inherent in the Policy is the premise that payment must be made promptly so that the Plaintiff may mitigate the damages and be put back into the position they were in prior to Loss as quickly as possible.

20. Florida Statutes §626.877 entitled, "Adjustments to comply with insurance contract and law," states that "[e]very adjuster shall adjust or investigate every claim, damage, or loss made or occurring under an insurance contract, in accordance with the terms and conditions of the contract and of the applicable laws of this state."

21. Florida Statute §627.4135 entitled "Casualty insurance contracts subject to general provisions for insurance contracts," states that "[a]ll contracts of casualty insurance covering subjects resident, located, or to be performed in this state shall be subject to the applicable provisions of this part and to the other applicable provisions of this code."

22. During the effective period of the Policy, the Property sustained direct and physical damage that resulted from a windstorm event.

23. The Defendant was obligated to act reasonably and properly in making a decision about whether to pay insurance benefits to the Plaintiff.

24. The Defendant refused to acknowledge the validity and accuracy of the Plaintiff's insurance claim.

25. Pursuant to the terms and conditions of the Policy, the Defendant was obligated to indemnify the Plaintiff for all damage sustained to the Property.

26. Though damage was significant, the Defendant denied the Plaintiff's claim and failed to identify all damages.

27. The Defendant disputed coverage, and the extent of coverage that should be applied in the instant matter.

28. Whether coverage should be extended for certain exclusions is governed by Florida Supreme Court case *Sebo v. Ame. Home Assurance Co.,* 208 So. 3d 694 (Fla. 2016)(holding that the concurrent-causation doctrine applies when determining causation of an insured's loss).

29. Under the concurrent-cause doctrine, if independent perils—one covered and one not covered—converge to cause a single loss, and no specific peril can be pinpointed as the sole or proximate cause, then an all-risk policy will cover the loss. See *Sebo v. Ame. Home Assurance Co.,* 208 So. 3d 694 (Fla. 2016)(holding that the concurrent-causation doctrine applies when determining causation of an insured's loss).

30. The Defendant failed to take into consideration all relevant and applicable binding case law and Florida statutes governing interpretation of policy language.

31. The Defendant breached the Policy by denying the Plaintiff's claim and failing to tender all insurance proceeds owed under the Policy to the Plaintiff.

32. The Defendant breached the policy by denying and failing to issue payment to replace and/or repair the Property's roof and exterior elevations.

33. The Defendant breached the policy by failing to issue payment for damage sustained to the Property's interior.

34. As a direct and proximate result of Defendant's failure to honor its obligations to fully indemnify the Plaintiff for the Loss, the Plaintiff incurred and continues to incur significant damages.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the Policy, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant via the Florida E Filing Portal.

        **WALKER & FELKNOR of Ave Maria Law Office PLLC**
        Attorney for Plaintiff
        12585 New Brittany Blvd
        Fort Myers, Florida 33907
        Phone: (239) 350 5444
        Email: Dwight@avelawfirm.com
               Email@avelawfirm.com

        By:    /s/ Dwight L. Walker II ESQ.
                 Dwight L. Walker II ESQ.
                 Florida Bar # 1004237