UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AILEEN BAUMGARDNER,
individually and as Trustee of The
Aileen J. Baumgardner Living
Trust dated February 15, 2012,

    Plaintiff,

v.                                      Case No.:  2:23-cv-298-JLB-KCD

AMERICAN MODERN
PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant American Modern Property & Casualty Insurance Company's Renewed Motion to Strike. (Doc. 22.)[1] Plaintiffs have not responded and the time to do so expired. Thus, the Court treats this matter as unopposed. For the reasons below, Defendant's motion is denied.

### I. Background

This is an insurance dispute. Plaintiff alleges that Defendant will not "pay the full amount of insurance proceeds owed" for damage following

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Hurricane Ian. (Doc. 3 ¶ 13.) The operative complaint contains a single claim for breach of contract.

Besides the allegations about breach, the complaint discusses Defendant's claims-handling practices during its adjustment of Plaintiff's claim. (Doc. 3 ¶¶ 18-21, 23.) Defendant now moves to strike those paragraphs, arguing they "accuse [it] of bad faith" and "are impertinent, immaterial, scandalous, prejudicial and/or fail to support a claim for breach of contract." (Doc. 22 at 3.)[2]

## II. Discussion

Motions to strike "are generally disfavored . . . [and] often considered time wasters." *Arthurs v. Glob. TPA LLC*, No. 6:14-CV-1209-ORL-40-TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015). Consistent with that treatment, "[a] court will not . . . strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Ware v. Knights Enter.*, No. 8:12-CV-1981-T-30MAP, 2012 WL 6213129, at *1 (M.D. Fla. Dec. 13, 2012).

Here, the paragraphs challenged do not unreasonably confuse the issues or meaningfully prejudice Defendant. They provide relevant background

---

[2] Defendant's motion is not paginated. Thus, reference is made to the page numbers generated by the Court's electronic filing system.

information for Plaintiff's breach of contract claim, and in most instances (like paragraphs 18 and 19) it is debatable whether such background facts allege conduct amounting to bad faith at all. Accordingly, the Court denies the motion to strike. *See Se. Distributors, Inc. v. United Specialty Ins. Co.*, No. 16-24549-CIV, 2017 WL 960300, at *7 (S.D. Fla. Mar. 13, 2017) ("[A]lthough the Plaintiff's breach of contract claim does [not] rise or fall on those specific allegations, their inclusion provides the factual background for the Plaintiff's claim and sets forth the Plaintiff's contentions regarding the Defendant's failure to fulfill its duties under the contract. While those allegations may arguably also set forth the facts for a bad faith claim, the allegations are not redundant, immaterial, impertinent or scandalous. Thus, the drastic remedy of striking those allegations is not warranted in this case."); *see also Fox Hollow Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:11-CV-131-FTM-29, 2011 WL 2222174, at *2 (M.D. Fla. June 7, 2011).

This is not to say Plaintiff can argue bad faith to the jury or publish allegations suggesting as much. Allowing reference to bad faith conduct during litigation involving a coverage dispute can prejudice the insurer and distort the jury's view of the issues. But the appropriate mechanism to avoid that prejudice is a motion in limine before of trial, not a motion to strike. *See, e.g.*, *Wilshire Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, at *7 (S.D. Fla. Apr. 10, 2013).

Accordingly, it is now ORDERED:

1. Defendant American Modern Property & Casualty Insurance Company's Renewed Motion to Strike (Doc. 22) is **DENIED**.

**ENTERED** in Fort Myers, Florida on July 24, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record